1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE P. HAN
   Assistant U.S. Attorney
3  California State Bar No. 250301
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-5220
   Fax: (619) 235-2757
6  E-mail: caroline.han@usdoj.gov

7  Attorneys for Plaintiff
   United States of America
8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,    )  **Criminal Case No. 08CR1274-H**
                                )
12          Plaintiff,          )  **RESPONSE AND OPPOSITION TO**
                                )  **DEFENDANT'S MOTIONS:**
13      v.                      )
                                )  **(1) TO COMPEL SPECIFIC DISCOVERY**
14                              )
   MARIO ENRIQUE VALENZUELA-)  **(2) FOR LEAVE TO FILE FURTHER MOTIONS**
15      GALINDO                 )  **(3) DISMISS INDICTMENT DUE TO**
                                )  **    IMPROPER  GRAND JURY INSTRUCTION**
16                              )
                                )  **TOGETHER WITH STATEMENT OF FACTS,**
17                              )  **MEMORANDUM OF POINTS AND**
                                )  **AUTHORITIES, AND GOVERNMENT'S**
18                              )  **MOTIONS TO:**
            Defendant.          )  **(1) COMPEL FINGERPRINT EXEMPLAR**
19                              )  **(2) PRODUCTION OF RECIPROCAL**
                                )  **    DISCOVERY**
20                              )
                                )  **Hon. Marilyn L. Huff**
21 _____)  **May 27, 2008 at 2:00 pm**

22          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

23 United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby

24 files its Response and Opposition to Dismiss Indictment Due to Improper Grand Jury Instruction,

25 Defendant's Motions to Compel Specific Discovery and For Leave to File Further Motions.  This

26 Response and Opposition is based upon the files and records of this case, together with the

27 attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's

28 Motions to Compel Fingerprint Exemplar and for Reciprocal Discovery.

1

**I**

2

**STATEMENT OF FACTS**

3

    A. **Statement of the Case**

4

       On April 23, 2008, a federal grand jury handed up a one-count Indictment charging

5

Defendant Mario Enrique Valenzuela-Galindo with Attempted Entry after Deportation in violation

6

of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was

7

removed from the United States subsequent to June 18, 1996. Defendant entered a not guilty plea

8

before Magistrate Judge Barbara L. Major on April 24, 2008.

9

    B. **Statement of Facts**

10

    **1. Defendant's Arrest**

11

       On April 10, 2008, the defendant attempted to enter the United States in the pedestrian lane

12

of the San Ysidro Port of Entry. During primary inspection, the defendant presented an I-551 card

13

(Lawful Permanent Resident card) with his name thereon. Customs and Border Protection (CBP)

14

Officer Woodring queried the defendant's name through a computer database which revealed

15

information that the defendant had been previously deported. Based on that, Officer Woodring

16

referred the defendant to secondary inspection.

17

       During secondary inspection, the defendant's biographical data, fingerprints and

18

photograph were entered into Customs and Border Protection's computer systems. These searches

19

revealed that Defendant had previously been deported, and was a Mexican citizen. Thereafter,

20

CBP officers conducted additional checks through immigration databases, and confirmed that the

21

defendant is a Mexican citizen with no legal documents to enter or remain in the United States.

22

The defendant was subsequently arrested.

23

    **2. Defendant's Statements**

24

       At approximately 12:47 am, the defendant was placed under arrest and advised of his

25

Miranda rights. The defendant stated that he understood his rights, and invoked his right to remain

26

silent. The defendant then continued to speak unsolicited statements. The defendant stated that

27

he had crossed the border a week prior and met his mother in the United States. He further stated

28

1   that his mother had questioned his presence in the United States, and told him to go back to

2   Mexico.

3           **C. Defendant's Criminal History**

4           Defendant June 18, 1996 conviction for Forcible Rape in violation of California Penal

5   Code 261(a)(2) in the San Diego Superior Court for which he received a sentence of 4 years in

6   prison.

7                                              **II**

8       **MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

9           The Government intends to continue full compliance with its discovery obligations under

10  Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the

11  Federal Rules of Criminal Procedure. To date, the Government has provided 76 pages of discovery

12  as well as a DVD that includes the advisal of rights and the defendant's statement.   The

13  Government anticipates that all discovery issues can be resolved amicably and informally, and has

14  addressed Defendant's specific requests below.

15          **(1) Defendant's Statements**

16          The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

17  provide to Defendant the substance of Defendant's oral statements and Defendant's written

18  statements. The Government has produced all of the Defendant's statements that are known to the

19  undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

20  written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

21  statements will be provided to Defendant.  In addition, the United States objects to the defendant's

22  request for a certified transcript of the defendant's post-arrest statements.  Rule 16 does not require

23  the United States to do so, and there is no reason that has been specified for this request.  As such,

24  the request should be denied.

25          The Government has no objection to the preservation of the handwritten notes taken by any

26  of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

27  must preserve their original notes of interviews of an accused or prospective government

28  witnesses).

1    However, the Government objects to providing Defendant with a copy of the rough notes

2    at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of

3    those notes have been accurately reflected in a type-written report. See United States v. Brown,

4    303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule

5    16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor

6    discrepancies" between the notes and a report). The Government is not required to produce rough

7    notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18

8    U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a

9    witness' assertion, and (2) have been approved or adopted by the witness. United States v.

10   Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute

11   "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035,

12   1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were

13   scattered and all the information contained in the notes was available in other forms). The notes

14   are not Brady material because the notes do not present any material exculpatory information, or

15   any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at

16   595-96 (rough notes were not Brady material because the notes were neither favorable to the

17   defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71

18   (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was

19   insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable

20   under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

21       **(2) Arrest reports, notes, dispatch tapes**

22   The Government has provided Defendant with all known reports related to Defendant's

23   arrest in this case that are available at this time. The Government will continue to comply with its

24   obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the

25   Government has no objection to the preservation of the agents' handwritten notes, but objects to

26   providing Defendant with a copy of the rough notes at this time because the notes are not subject

27   to disclosure under Rule 16, the Jencks Act, or Brady. The United States is presently unaware of

28

1    any dispatch tapes relating to the Defendant's arrest in this case. In addition, the United States has

2    already discovered a copy of the Report of Investigation for the defendant's case.

3        **(3) A-File**

4        The United States has already agreed to make the A-File available for inspection on June

5    2, 2008 at the request of defense counsel.

6        **(4) Brady Material**

7        The Government has and will continue to perform its duty under Brady to disclose material

8    exculpatory information or evidence favorable to Defendant when such evidence is material to

9    guilt or punishment. The Government recognizes that its obligation under Brady covers not only

10   exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

11   behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States

12   v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not

13   requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10

14   (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable

15   probability that, had the evidence been disclosed to the defense, the result of the proceeding would

16   have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

17   determination of materiality is based on the "suppressed evidence considered collectively, not item

18   by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

19       Brady does not, however, mandate that the Government open all of its files for discovery.

20   See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the

21   Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

22   (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the

23   defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

24   (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380,

25   389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the

26   undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or

27   control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does

28   Brady require the Government "to create exculpatory evidence that does not exist," United States

v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for

this information is premature.

### (5) Defendant's Prior Record

The United States has already provided Defendant with a copy of any criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

### (6) Proposed 404(b) and 609 Evidence

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its proposed use of such evidence and information about such bad act at or before the time the United States' trial memorandum is filed. The United States reserves the right to introduce as prior act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

### (7) Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)© in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

### (8) Request for Preservation of Evidence

After issuance of a an order from the Court, the United States will preserve all evidence to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence. The United States has complied and will continue to comply with Rule 16(a)(1)© in allowing Defendant an opportunity,

upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

### (9) Tangible Objects

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### (10) Expert Witnesses

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

### (11) Reports of Scientific Tests or Examinations

The United States is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the United States will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

### (12) Henthorn Material

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review

1  the personnel files of the federal law enforcement inspectors, officers, and special agents whom

2  the Government intends to call at trial and disclose information favorable to the defense that meets

3  the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir.

4  2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned

5  Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel

6  files is "material," the information will be submitted to the Court for an in camera inspection and

7  review.

8  **(13) Evidence of Bias or Motive To Lie**

9  The United States is unaware of any evidence indicating that a prospective witness is

10  biased or prejudiced against Defendant. The United States is also unaware of any evidence that

11  prospective witnesses have a motive to falsify or distort testimony.

12  **(14) Impeachment Evidence**

13  The Government recognizes its obligation under Brady and Giglio to provide evidence that

14  could be used to impeach Government witnesses including material information regarding

15  demonstrable bias or motive to lie.

16  **(15) Evidence of Criminal Investigation of Any Government Witness**

17  Defendants are not entitled to any evidence that a prospective witness is under criminal

18  investigation by federal, state, or local authorities. "[T]he criminal records of such [Government]

19  witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

20  United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

21  of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

22  States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

23  the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a

24  defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542

25  F.2d at 1026).

26  The Government will, however, provide the conviction record, if any, which could be used

27  to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such

28

1    information, disclosure need only extend to witnesses the United States intends to call in its case-

2    in chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607

3    F.2d 1305, 1309 (9th Cir. 1979).

4        **(16) Evidence Affecting Perception, Recollection, Ability to Communicate, or**

5    **Truth Telling**

6        The United States is unaware of any evidence indicating that a prospective witness has a

7    problem with perception, recollection, communication, or truth-telling. The United States

8    recognizes its obligation under Brady and Giglio to provide material evidence that could be used

9    to impeach Government witnesses including material information related to perception,

10   recollection or ability to communicate. The Government objects to providing any evidence that

11   a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic

12   because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other

13   Constitutional or statutory disclosure provision.

14       **(17) Witness Addresses**

15       The Government has already provided Defendant with the reports containing the names

16   of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-

17   capital case, however, has no right to discover the identity of prospective Government witnesses

18   prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974

19   F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985));

20   United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum,

21   the Government will provide Defendant with a list of all witnesses whom it intends to call in its

22   case-in chief, although delivery of such a witness list is not required. See United States v. Discher,

23   960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

24       The Government objects to any request that the Government provide a list of every witness

25   to the crimes charged who will not be called as a Government witness. "There is no statutory basis

26   for granting such broad requests," and a request for the names and addresses of witnesses who will

27   not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)©." United States v. Hsin-

28   Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502

(D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(18) Names of Witnesses Favorable to the Defendant**

The Government willl comply with its obligations under Brady and its progeny. At the present time, the Government is not aware of any witnesses who have made an arguably favorable statement concerning the defendant.

**(19) Statements Relevant to the Defense**

The United States will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

**(20) Giglio Information**

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(21) Informants and Cooperating Witnesses**

If the Government determines that there is a confidential informant who has information that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

**(22) Evidence of Bias or Motive To Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

1    **(23) Jencks Act Material**

2    The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

3    on direct examination, the Government must give the Defendant any "statement" (as defined by

4    the Jencks Act) in the Government's possession that was made by the witness relating to the

5    subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

6    Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

7    by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

8    oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes

9    are read back to a witness to see whether or not the government agent correctly understood what

10    the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

11    Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United

12    States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act

13    material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

14    material well in advance of trial to avoid any needless delays.

15    **(24) Residual Request**

16    The Government will comply with all of its discovery obligations, but objects to the broad

17    and unspecified nature of Defendant's residual discovery request.

18    **III**

19    **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE**

20    **GRAND JURY INSTRUCTIONS WERE NO FAULTY**

21

22    It bears noting that the Hon. Barry T. Moskowitz and the Hon. John A. Houston, both

23    recently issued a detailed Order analyzing and rejecting all of the arguments Defendant raises

24    here.  See Order of Judge Moskowitz, attached as Appendix 3 and Order of Judge Houston

25    attached as Appendix 4.  The United States adopts the reasoning in this Court's previous order

26    and requests that the Court reach the same result.  Attached as Appendix 1 is the "Partial

27    Transcript" of the  Grand Jury Proceedings.  Attached as Appendix 2 is a redacted

28    "Supplemental Transcript" which records the relevant portions of the voir dire proceedings.

1    This Court, and other courts of this district, have repeatedly rejected the arguments

2    raised by Defendant before, and we ask the Court to do so again.

3                                              **IV**

4              **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

5    The Government does not object to the granting of leave to file further motions as long

6    as the further motions are based on newly discovered evidence or discovery provided by the

7    Government subsequent to the instant motion at issue.

8                                               **V**

9                               **GOVERNMENT MOTIONS**

10          **A. Government Motion For Fingerprint Exemplars**

11    The Government requests that Defendant be ordered to make himself available for

12    fingerprint exemplars at a time and place convenient to the Government's fingerprint expert.

13    See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has

14    "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and

15    palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving

16    Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not

17    implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing

18    United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order

19    requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth

20    Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth

21    Amendment privilege "offers no protection against compulsion to submit to fingerprinting");

22    Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence

23    of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth

24    Amendment).

25          **B. Government's Motion to Compel Reciprocal Discovery**

26                **1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

27    Since the Government will honor Defendant's request for disclosure under Rule

28

16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### 2. Reciprocal Jencks – Statements By Defense Witnesses

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified.  However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

1

## VI

2

## <u>CONCLUSION</u>

3
4
5

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery and to compel a fingerprint exemplar.

6

DATED: May 20, 2008

7
8

Respectfully submitted,

9

KAREN P. HEWITT
United States Attorney

10

/s/ *Caroline P. Han*
CAROLINE P. HAN

11

Assistant United States Attorney
Attorneys for Plaintiff

12

United States of America

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1274-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| MARIO ENRIQUE VALENZUELA-GALINDO | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY, DISMISS THE INDICTMENT, AND FOR LEAVE TO FILE FURTHER MOTIONS, AND THE GOVERNMENT'S MOTIONS TO COMPEL FINGERPRINT EXEMPLAR AND FOR PRODUCTION OF RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Hanni Fakhoury**
Federal Defenders of San Diego
225 Broadway Suite 900
San Diego, CA 92101-5008
(619)234-8467
Email: Hanni_Fakhoury@fd.org
*Attorney for defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2008

/s/ *Caroline P. Han*
CAROLINE P. HAN